## Rosenblatt & Hollub, Inc., v. Feldenfeld

*J. Frank Kelker*, for plaintiff.

*T. A. Tenor*, for defendant.

McCREARY, P. J., April 1, 1948. — In the above-entitled case defendant filed preliminary objections to a complaint in assumpsit filed by plaintiff against defendant. The complaint is based on a foreign judgment obtained by plaintiff against defendant in the Municipal Court of the City of New York, Borough of Manhattan, a transcript of the judgment certified under the triple seal being attached to plaintiff's complaint.

The judgment shows on its face that it was rendered on January 5, 1928, in the amount of $300.22, including costs. Plaintiff alleges that since the time plaintiff obtained this judgment against defendant additional costs in the amount of $31, exclusive of the costs of

this proceeding, were incurred by it. Plaintiff does not itemize these additional costs. The complaint is sworn to by Harry M. Rhodes, president of plaintiff company, but neither in the body of the complaint itself, nor in the affidavit is any reference made to the fact that the institution of this suit in the State of Pennsylvania was authorized by the directors of plaintiff corporation.

In due time defendant filed a petition raising the defense of lack of capacity to sue. In this petition defendant avers that the corporation known as Rosenblatt & Hollub, Inc., was dissolved by the Secretary of State of the State of New York on December 16, 1935, and on the basis of this allegation concludes that plaintiff has no capacity to sue, plaintiff corporation being no longer in existence. Based on the allegation that plaintiff corporation was dissolved by proclamation of the Secretary of State of the State of New York, defendant concludes and denies as a fact that Harry M. Rhodes, the person who signed the affidavit, is the president of plaintiff corporation.

An answer to the petition raising the question of lack of capacity to sue was filed by plaintiff, admitting that plaintiff corporation was dissolved by action of the Secretary of State of the State of New York in the year 1935, but avers as a fact that under the law of New York State "upon dissolution of a corporation for any cause and whether voluntary or involuntary its corporate existence shall continue for the purpose of collecting and distributing its assets, and doing all other acts required to adjust and wind up its business and affairs, and it may sue in its corporate name."

We are thus called upon to determine the subsidiary issue raised by the petition of defendant raising the defense of lack of capacity to sue and the answer of plaintiff to the petition. In his petition defendant asks that the complaint be dismissed by reason of the lack of capacity of plaintiff to sue.

Pa. R. C. P. 1017 describes the pleadings that are allowed in an action of assumpsit. Pa. R. C. P. 1017(*b*) provides that "Preliminary objections are available to any party but are limited to . . . (5) a petition raising the defense of lack of capacity to sue . . ." Pa. R. C. P. 1028, relating to preliminary objections provides, inter alia, ". . . (c) If an issue of fact is raised the court shall take evidence by depositions or otherwise."

Inasmuch as the pleadings on the subsidiary issue are limited to (1) the petition of defendant, and (2) the answer of plaintiff, and no provision is made for a reply by defendant to the new matter set up in plaintiff's answer to defendant's petition, and inasmuch as an issue of fact is raised by the two pleadings, namely, whether the law of the State of New York, with reference to the capacity of a dissolved corporation to sue in its own name, is as it is alleged to be in the answer to the petition filed by plaintiff, the court is forced into the position where it is required to order the matter to be determined by "depositions or otherwise". If it were possible, under the new rules, for plaintiff, in his answer to the petition, to require defendant to answer this allegation of fact as to what the law of the State of New York is, we could have the issue determined on the pleadings. In the comment on Pa. R. C. P. 1017(*b*) Goodrich-Amram makes the following observation:

"Where new factual matters are raised, the preliminary objection proceedings become in effect a new subsidiary issue, to be determined preliminarily prior to the adjudication of the main issues on the merits. The preliminary objection thus becomes a 'complaint' subject to all the rules of pleading of the complaint, including the endorsement of a notice to plead and a verification of the new averments of fact, not of record. The plaintiff, as the defending party, has the right to

file a preliminary objection raising any appropriate defenses or objections to the defendant's 'pleading' and has the duty of filing an answer to the averments of fact which in all respects will be equivalent to the defendant's answer to the complaint.

"The defendant, as the moving party, then has all the means of attacking the plaintiff's answer which are available to the plaintiff in the main issue, including the right to have judgment by default or for any relief admitted to be due, or by reason of the insufficiency of the plaintiff's answer.

*"Rule 1028(c) provides for the determination of any issues of fact which these pleadings may raise with respect to the subsidiary issue, and directs that they shall be heard on 'depositions or otherwise'.* (Italics supplied.)

"The scheme of these Rules is to provide, for this subsidiary issue, a complete duplicate of the proceedings which will be followed in the main action, with one exception. In the main action, there can be a three step proceeding, in the case in which the defendant pleads 'new matter' in his answer. If this is done, the plaintiff must reply to the new matter. In the subsidiary issue, there is no equivalent for this reply. Rule 1017(a) does not provide for any pleading beyond the 'answer' to the preliminary objection. The 'reply' is permitted only when the 'new matter' is contained in the defendant's 'answer' to the plaintiff's 'complaint'. This does not provide a completely scientific system for the determination of the subsidiary issue, since, for example, the plaintiff, in the answer to the preliminary objection, might desire to plead res judicata and force the defendant into an admission. If the plaintiff could plead 'new matter' and compel a reply, he could obtain such an admission from the defendant and secure a quick ending of the defendant's dilatory proceeding. However, this unusual case was

not considered of sufficient importance to overbalance the desirability of shortening the pleading stages of the subsidiary issue.

"Since the plaintiff cannot compel the defendant to file a 'reply' to such 'new matter', need the plaintiff segregate the 'new matter' in his answer to the preliminary objection? A literal reading of the Rules would seem to require it. Rule 1030 states that the enumerated affirmative defenses 'shall' be pleaded as 'new matter' 'in a responsive pleading'. An 'answer' to a 'preliminary objection' is 'a responsive pleading'. However, the failure of the plaintiff to segregate his 'new matter' would hardly justify a court in striking off the plaintiff's answer for violating the rules of pleading. No possible harm can be done to the defendant if the plaintiff fails to segregate the 'new matter' since the pleadings on the subsidiary issue are closed as soon as the plaintiff's answer is filed. Such a hypercritical attack on a purely technical error of form should be given short shrift."

We have determined that the litigation involved in this case can be disposed of on the pleadings if the parties but resort to the tools provided therefor in the procedural rules. Instead of requiring the parties to take depositions in the State of New York on the question of what the law of the State of New York is with reference to the capacity of a dissolved corporation to sue, we have determined to bring the case to issue "otherwise" as allowed by rule 1028. We are going to dismiss the petition for preliminary objections on the ground of the lack of capacity of plaintiff to sue, and require plaintiff to amend his bill of complaint in the following respects:

1. Plaintiff will be required to state as a fact what the law of the State of New York is on the question of the capacity of a dissolved corporation to sue in its own name.

2. To allege as a fact that the directors of plaintiff corporation have authorized the president, Harry M. Rhodes, to file a complaint on behalf of plaintiff.

3. To allege the items which make up the $31 of additional costs that it has incurred since judgment was recovered in its favor against defendant in the Municipal Court of the City of New York, Borough of Manhattan.

Defendant will then be required to answer specifically these allegations if he is ruled to do so by plaintiff, under the provisions of the procedural rules. The pleadings will thus be reduced to a state where plaintiff will be in a position to file a motion for judgment on the pleadings, inasmuch as the matter of what the law of the State of New York is with reference to the question of capacity to sue is something that defendant will be required to specifically affirm or specifically deny. Also, the matter as to whether a judgment was recovered in favor of plaintiff and against defendant, as alleged in the original complaint, a transcript thereof under the triple seal being attached to the bill of complaint, is an allegation which must be specifically affirmed or denied by defendant. By adopting this course the pleadings of the parties will be such that in all probability the issues can be determined without resort to a jury trial and the long delays and expense that might be involved in the taking of depositions as suggested by Pa. R. C. P. 1028(c).

In the case of Vestal Products Co., Inc., v. Manufacturers Trust Co., 60 N. Y. S. (2d) 183, decided by the Supreme Court of New York on May 1, 1935, the court ruled that a corporation dissolved in 1929, for nonpayment of franchise taxes, has capacity to sue in the State of New York under the 1929 amendment to the General Corporation Law authorizing directors of a dissolved corporation to sue in the corporate name.

There can be no question about the right of the corporation to sue on the foreign judgment in Pennsylvania, if plaintiff has capacity to sue in the State of New York. Section 434 of A. L. I. Restatement of the Law of Conflict of Laws provides as follows:

"Except as stated in §§439, 440, 443, and 445, a valid foreign judgment which imposes a duty to pay money will be enforced by an action if
(a) it is final (see §435);
(b) it is certain in amount (see §436);
(c) it is unconditional (see §437);
(d) it has not been vacated (see §438):
(e) execution has not been superseded in the state which rendered it."

Comment *d.* thereof reads as follows:

"d. *Full faith and credit provision of Constitution of the United States.* The Constitution of the United States provides that 'Full Faith and Credit shall be given in each State to the public Acts, Records and Judicial Proceedings of every other State'. This provision is supplemented by an Act of Congress, which provides that the records and judicial proceedings of a State or Territory 'shall have such faith and credit given to them in every court within the United States as they have by law or usage in the courts of the State from which they are taken.' These provisions require the enforcement of a judgment of a sister State which imposes a duty to pay money if the judgment complies with the requirements stated in this Section (see §446)."

We are satisfied that the spirit and letter of the Procedural Rules will be accomplished by the court dismissing defendant's petition raising preliminary objections and requiring plaintiff to amend its bill of complaint in the matters referred to above in this opinion.

We therefore make the following

*Order*

Now, to wit, April 1, 1948, the above-entitled matter having been argued before the court en banc, upon consideration of the situation and for the purpose of avoiding further delay and expense, it is now ordered, adjudged and decreed that defendant's petition for preliminary objections by reason of lack of capacity in plaintiff to sue be dismissed, and plaintiff is required to amend its bill of complaint in the respects set forth in detail in the foregoing opinion within 20 days from the date hereof, unless the time be extended by the court; upon default of plaintiff to file an amendment, or amendments, to its pleading consistent with the foregoing opinion within a period of 20 days from the date hereof, the case will be dismissed at the cost of plaintiff.